20STCV28597
Electronically FILED by Superior Court of California, County of Los Angeles on 07/29/2020 03:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M, Barel,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** TARGET CORPORATION, and DOES 1 through 50, inclusive,
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** ERICA WYATT
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Los Angeles 111 North Hill Street Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* 20STCV28597 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John A. Montevideo, SBN 86473 Michael K. Teiman, SBN 319524  DIMARCO ARAUJO MONTEVIDEO
A Professional Law Corporation 1324 North Broadway Santa Ana, California 92706 Ph: (714) 835-6990

| DATE: *(Fecha)* 07/29/2020 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court *(Secretario)* M. Barel | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: TARGET CORPORATION

under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.     [Print this form]  [Save this form]     [Clear this form]

8-28-2020                                    000270210P0001                    602020082803 0422

**EXHIBIT A - pg. 10**

Electronically FILED by Superior Court of California, County of Los Angeles on 07/29/2020 03:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk
20STCV28597

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>John A. Montevideo, Michael K. Teiman SBN: 86473/ 319524<br>DiMARCO ARAUJO MONTEVIDEO<br>A Professional Law Corporation<br>1324 North Broadway Santa Ana, California 92706 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 714-835-6990   FAX NO. *(Optional):*   714-560-7247 | |
| ATTORNEY FOR *(Name):* Plaintiff, ERICA WYATT | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: 111 North Hill Street |
| CITY AND ZIP CODE: Los Angeles 90012 |
| BRANCH NAME: Central Justice Center |

| CASE NAME: ERICA WYATT v. TARGET |
|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>20STCV28597 |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:   7-29-2020

Michael. K. Teiman
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

602020082803O422

| SHORT TITLE: Wyatt v. Target Corporation | CASE NUMBER 20STCV28597 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☑ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Wyatt v. Target Corporation | CASE NUMBER 20STCV28597 |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

8-28-2020                                    000270210P0001                          6020200828030422

**EXHIBIT A - pg. 13**

| SHORT TITLE: Wyatt v. Target Corporation | CASE NUMBER | 20STCV28597 |
| --- | --- | --- |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

2

**EXHIBIT A - pg. 14**

| SHORT TITLE: Wyatt v. Target Corporation | CASE NUMBER | 20STCV28597 |
|---|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | ADDRESS:<br>6000 Sepulveda Blvd., Ste 2250 |
|---|---|

| CITY: | STATE: | ZIP CODE |
|---|---|---|
| Culver City | CA | 90230 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 7/29/2020

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

8-28-2020                                   000270210P0001                                   602020082803042 2

**EXHIBIT A - pg. 15**

20STCV28597

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Thomas Long

Electronically FILED by Superior Court of California, County of Los Angeles on 07/29/2020 03:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

1  John A. Montevideo, SBN 86473
Michael K. Teiman, SBN 319524

2  **DiMarco| Araujo | Montevideo**

3  A Professional Law Corporation
1324 North Broadway

4  Santa Ana, California 92706
Telephone:  (714) 835-6990

5  Facsimile:   (714) 568-1854

6

7  Attorneys for Plaintiff Erica Wyatt

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| 11  ERICA WYATT, an individual;          ) | Case No.:  20STCV28597 |
| 12       Plaintiff,                      ) | |
| 13   v.                                  ) | **COMPLAINT FOR DAMAGES:** |
| 14  TARGET CORPORATION, and DOES 1       ) | 1. **Negligence** |
| 15  through 50, inclusive,               ) | 2. **Strict Products Liability: Failure to Warn** |
| 16       Defendants.                     ) | 3. **Strict Products Liability: Design Defect** |
| 17                                       ) | 4. **Strict Products Liability: Manufacturing Defect** |
| 18                                       ) | |

19       Plaintiff ERICA WYATT ("Plaintiff"), by and through her attorney of record, DiMarco |

20  Araujo | Montevideo, alleges the following:

21                              **NATURE OF THE ACTION**

22       1.     This action arises from injuries suffered by Plaintiff while she was assisting in

23  unloading a refrigerated trailer of goods.  The door separating the refrigerated from the frozen items

24  came loose and struck her in the head causing significant injuries.

25                                    **PARTIES**

26       2.     Plaintiff was at all times concerned a resident of San Bernardino County, California.

27       3.     Defendant TARGET CORPORATION ("Defendant" or "TARGET") was at all times

28  concerned a corporation licensed to do business in the State of California.

1

COMPLAINT FOR DAMAGES

**EXHIBIT A - pg. 16**

1    4.    SWIFT TRANSPORTATION ("Swift") was Plaintiff's employer at all times

2    concerned.

3    5.    The true names and capacities, whether individual, corporate, associate or otherwise,

4    of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff at this time.  Plaintiff sues

5    said Defendants by such fictitious names and will ask leave of Court to amend this Complaint to

6    show their true names and capacities when ascertained.  Said Defendants are sued as principals, and

7    all of the acts performed by them as agents, servants, and employees were performed within the

8    course and scope of their authority and employment.

9    6.    At all times mentioned herein Defendants DOES 21 through 50, inclusive, and each

10    of them designed, manufactured, sold, and distributed motor vehicles and semi-trailers, including

11    the semi-trailer that caused injury to Plaintiff ("Subject Trailer") as described more fully herein, to

12    Defendant who in turned used said vehicles within its performance of delivery of items from one

13    destination to another.  Plaintiff sues said Defendants by such fictitious names and will ask leave of

14    Court to amend this Complaint to show their true names and capacities when ascertained.  Said

15    Defendants are sued as principals, and all of the acts performed by them as agents, servants, and

16    employees were performed within the course and scope of their authority and employment.

17    7.    That at all times mentioned herein, all Defendants, and each of them, were the agents,

18    servants and employees of each, every, and all of the other Defendants and were acting within the

19    course and scope of their said agency, service and employment.

20    ### JURISDICTION AND VENUE

21    8.    Based upon information and belief, venue lies properly with this Court, as it is the place

22    where at least one Defendants resides, is incorporated, or has its principal place of business and/or a

23    substantial amount of the events which give rise to this suit occurred and/or a cause of action arose.

24    9.    Based upon information and belief, jurisdiction lies properly with this Court, as the

25    economic and non-economic damages caused to Plaintiff exceeds the jurisdictional limits.

26    ### FACTUAL ALLEGATIONS

27    10.    On or about July 31, 2018, Plaintiff was delivering a trailer of goods, the Subject

28    Trailer, to Defendant at a location in Culver City, CA.  At the time, Plaintiff was employed by

2

COMPLAINT FOR DAMAGES

**EXHIBIT A - pg. 17**

1  Swift.

2      11.     At all times concerned, Defendants, TARGET and Does1 through 20, owned and

3  maintained the Subject Trailer.  The Subject Trailer has bulkhead doors that separate the frozen and

4  refrigerated goods in the trailer.

5      12.     Plaintiff raised (they swing up to the roof of the Subject Trailer) and secured the

6  bulkhead doors to access goods; at all times conducting herself in a reasonable manner and using

7  the bulkhead doors in reasonable and foreseeable manner.

8      13.     After securing the bulkhead doors, the securing mechanism (or some component

9  thereof) for one of the bulkhead doors failed.  This failure caused the door to swing down and strike

10  Plaintiff in the head and shoulders area.  This door weighs approximately 80 pounds.

11      14.     Defendant TARGET and DOES 1 through 20, inclusive, knew of prior issues,

12  complaints, and reports of injury due to these bulkhead doors failing to stay secured.  Based upon

13  information and belief, Defendants DOES 21 through 50, inclusive, knew or should have known of

14  prior issues, complaints, and reports of injury due to these bulkhead doors failing to stay secured.

15      15.     The failure of the bulkhead door to stay secure was due, at least in part, to

16  Defendants' failure to maintain, inspect, train, warn, repair, and otherwise keep the bulkhead doors

17  in a condition that keeps those who reasonably and foreseeably use them, such as Plaintiff, free

18  from harm.  The bulkheads were also designed, manufactured, and warned against in a defective

19  and negligent manner by Defendants DOES 21 through 50.

20      16.     Defendants DOES 21 through 50, and each of them, knew that the design,

21  manufacture, and distribution of the Subject Trailer, specifically the design, manufacture, and

22  distribution of the bulkhead doors separating the frozen and refrigerated goods and the mechanisms

23  associated with the operations of these doors, was defective and posed a serious risk to those who

24  used the bulkhead doors to access materials within the trailer of the Subject Trailer.  Yet,

25  Defendants DOES 21 through 50, and each of them, failed to provide adequate warnings, design,

26  and construction to warn persons, including those similarly situated like Plaintiff, of these defects

27  and prevent such dangers from occurring.

28  ///

COMPLAINT FOR DAMAGES

17.     Defendants DOES 21 through 50, and each of them, knew that the Subject Trailer would be distributed to and used by individuals of the general public. The product was defective when it left the control of Defendants DOES 21 through 50, and there was not adequate warnings of these defects, the products differed from the intended result of DOES 21 through 50 and/or differed from other identical units of the same product line, and/or the rear door did not perform safely as expected by a user, including Plaintiff, during the reasonably foreseeable manner of use. The Subject Trailer, including all mechanism associated with the use of the rear door, were at all relevant times in an unreasonably dangerous and defective condition. At the time of Plaintiff's injuries, the Subject Trailer was being used in a manner reasonably foreseeable by Defendants, especially in light of the inadequate warnings provided.

18.     As a result of being struck by the bulkhead door and Defendants', and each of them, failures/negligence, Plaintiff has suffered significant injuries.

19.     Defendants', and each of them, conduct was a substantial factor in causing Plaintiff's injuries.

### FIRST CAUSE OF ACTION – NEGLIGENCE

### (By Plaintiff Against Defendant TARGET and DOES 1 through 20)

20.     Plaintiff incorporates paragraphs 1 through 19 of this Complaint as though set forth fully herein.

21.     On or about July 31, 2018, Plaintiff was working for Swift to deliver goods to Defendant's store location in Culver City, California, and was opening the bulkhead doors to Defendant's Subject Trailer in preparation for the unloading of the items/goods within Defendant's Subject Trailer.

22.     After Plaintiff secured the bulkhead doors of the Subject Trailer – conducting herself in a reasonable and foreseeable manner – which was owned, maintained, repaired, and controlled by Defendant and DOES 1 through 20, inclusive, the securing mechanism (or some component thereof) failed, causing the door to fall onto Plaintiff; specifically hitting Plaintiff in the head and shoulder area.

///

4

**EXHIBIT A - pg. 19**

23.     At all times mentioned herein, Defendant and DOES 1 through 20, inclusive, had a duty to own, operate, maintain, repair, and control, the Subject Trailer, including the bulkhead door and its components and mechanisms, in such a way that would not cause reasonably foreseeable injuries to others, including Plaintiff.

24.     At all times mentioned herein, Defendant and DOES 1 through 20, inclusive, failed to properly investigate, maintain, control, and/or repair the bulkhead door mechanism of the Subject Trailer to ensure that the bulkhead doors, including its mechanisms and components, was in working and safe condition so as to not cause injury to others, including Plaintiff.

25.     That as a direct result of Defendant's and DOES 1 through 20 negligence, as aforesaid, and by reason of the negligent ownership, control, maintenance, investigation, and repair of the Subject Trailer, including the rear door, Plaintiff sustained the following injuries and damages:

      a.     Injuries to the body and limbs; all to the general damage in an amount to be ascertained.

      b.     Necessary medical expenses in an amount not yet fully ascertainable.

      c.     Loss of earnings in an amount not yet fully ascertainable.

## SECOND CAUSE OF ACTION – STRICT PRODUCTS LIABILITY: FAILURE TO WARN
### (By Plaintiff Against DOES 21 through 50)

26.     Plaintiff hereby incorporates paragraphs 1 through 25 of this Complaint as though set forth fully herein.

27.     On or about July 31, 2018, Plaintiff suffered injuries to her body when the bulkhead door of the Subject Trailer, which was designed, manufactured, assembled, and distributed by Defendants DOES 21 through 50, and each of them, slammed onto her body because of the defective and dangerous bulkhead door, including all the components needed to operate and secure the bulkhead door. At the time of this incident, Plaintiff believed that the bulkhead door would properly function to allow her to open and secure it without injury.

28.     Defendants DOES 21 through 50, and each of them, knew or should have known that the product (the bulkhead door and attendant securing mechanism and all parts/components) was

5

COMPLAINT FOR DAMAGES

EXHIBIT A - pg. 20

1   defective when it left their control, and that it would be used and operated by individuals of the general

2   public, such as Plaintiff. At the time of the injury to Plaintiff, the product was being used in a manner

3   reasonably foreseeable by Defendants DOES 21 through 50. Defendants DOES 21 through 50 did not

4   provide adequate warnings of the dangers. Namely, warning that the bulkhead door and/or the

5   components thereof may not operate properly and cause the bulkhead door to injure any persons

6   standing under or by it, such as Plaintiff.

7        29.   As a direct result of these acts and/or omissions by Defendants DOES 21 through 50,

8   and each of them, as aforesaid, and by reason of the incident thereby caused, Plaintiff sustained the

9   following injuries and damages:

10        a.   Injuries to the body and limbs; all to general damages in an amount to be

11            ascertained;

12        b.   Necessary medical expenses in an amount not yet fully ascertainable;

13        c.   Loss of earnings and loss of earning capacity in an amount not yet fully

14            ascertainable.

15   **THIRD CAUSE OF ACTION – STRICT PRODUCTS LIABILITY: DESIGN DEFECT**

16   **(By Plaintiff Against DOES 21 through 50)**

17        30.   Plaintiff hereby incorporates paragraphs 1 through 29 of this Complaint as though set

18   forth fully herein.

19        31.   Defendants DOES 21 through 50, and each of them, manufactured, designed,

20   marketed, distributed, and/or sold the Subject Trailer, including the components of the bulkhead door.

21        32.   The bulkhead door of the Subject Trailer did not perform safely as an ordinary

22   consumer, such as Plaintiff, would have expected it to perform when it was used in an intended and

23   reasonably foreseeable way when Plaintiff attempted to secure the bulkhead door of the Subject Trailer

24   on or about July 31, 2018.

25        33.   The Subject Trailer, and in particular the bulkhead door and all components thereof, is

26   defectively designed and unreasonably dangerous in foreseeable situations; such as opening and

27   securing it to access goods.

28   ///

6

COMPLAINT FOR DAMAGES

**EXHIBIT A - pg. 21**

34. Although Defendants DOES 21 through 50 knew or had reason to know that the bulkhead door was defective, unsafe, and unreasonably dangerous, and in fact presented a risk of harm to consumers, such as Plaintiff, Defendants DOES 21 through 50 did nothing to recall or address the defective, unsafe, and unreasonably dangerous condition of the bulkhead door of the Subject Trailer and other vehicles similarly situated.

35. As a direct result of these acts and omissions by Defendants DOES 21 through 50, and each of them, as aforesaid, and by reason of the incident thereby caused, Plaintiff sustained the following injuries and damages:

    a. Injuries to the body and limbs, all to general damages in an amount to be ascertained;

    b. Necessary medical expenses in an amount not yet fully ascertainable;

    c. Loss of earnings and loss of earning capacity in an amount not yet fully ascertainable.

### FOURTH CAUSE OF ACTION – STRICT PRODUCTS LIABILITY:

### MANUFACTURING DEFECT

**(By Plaintiff Against DOES 21 through 50)**

36. Plaintiff hereby incorporates paragraphs 1 through 35 of this Complaint as though set forth fully herein.

37. Defendants DOES 21 through 50 were responsible for designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, and/or selling directly and indirectly through third parties or related entities, the bulkhead door and the associated components found in the Subject Trailer.

38. Based upon information and belief, the bulkhead door of the Subject Trailer, including the wire/cable and other components used to secure the bulkhead door, differed in the design and/or specifications of those of other similar units in the same product line than were intended by Defendants DOES 21 through 50, and each of them.

39. The bulkhead door of the Subject Trailer, including the wire/cable and other components, contained a manufacturing defect and were defective when the products left the

7

COMPLAINT FOR DAMAGES

1    possession of Defendants DOES 21 through 50, and each of them.

2        40.     As a direct result of the defect(s) in the products, Plaintiff sustained the following

3    injuries and damages:

4        a.   Injuries to the body and limbs; all to general damages in an amount to be

5             ascertained;

6        b.   Necessary medical expenses in an amount not yet fully ascertainable;

7        c.   Loss of earnings and loss of earning capacity in an amount not yet fully ascertainable

8    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

9        1.     For general damages according to proof;

10       2.     For actual medical expenses incurred;

11       3.     For actual loss of earnings sustained;

12       4.     For future loss of earnings, according to proof;

13       5.     For future medical expenses, according to proof;

14       6.     For interest according to law;

15       7.     For costs of suit incurred herein; and

16       8.     For such other and further relief as the Court may deem just and proper.

17

18   DATED: July 29, 2020                    **DiMarco | Araujo | Montevideo**
                                             A Professional Law Corporation

19

20

21                                           By: _____

22                                                John A. Montevideo
                                                  Michael K. Teiman
23                                                Attorneys for Plaintiff ERICA WYATT

24

25

26

27

28

8

COMPLAINT FOR DAMAGES

**EXHIBIT A - pg. 23**



## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC1

**EXHIBIT A - pg. 24**

**How to arrange mediation in Los Angeles County**
Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a.  **The Civil Mediation Vendor Resource List**
    Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or
    free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager **(213) 253-9776** mdawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager: **(833) 476-9145** info@mediationLA.org

These organizations **cannot** accept every case and they may **decline** cases at their discretion.
    Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
    NOTE:  This service is not available for family law, probate or small claims.

b.  **Los Angeles County Dispute Resolution Programs**
    https://wdacs.lacounty.gov/programs/drp/
- Free, day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions)
    and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the
    day of trial, visit
    http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c.  **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3.  **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  **http://www.courts.ca.gov/programs-adr.htm**

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: **www.lacourt.org/division/civil/settlement**

Los Angeles Superior Court ADR website: **www.lacourt.org/division/civil/settlement**
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC2

 

**dcba.lacounty.gov**

# Resolve your lawsuit online before your trial date

 

**Use Online Dispute Resolution from the County of Los Angeles Department of Consumer and Business Affairs. Our mediation services are available at no cost and can help you resolve your case from the comfort of your own home.**

## How We Can Help:

**Efficient and effective:** With Online Dispute Resolution, you are in control, not the courts. You decide whether a settlement is right for you. You save time and money, and avoid the inconvenience of going to Small Claims Court.

**Flexible:** You can select the schedule and type of Online Dispute Resolution that works best for you. You can live chat with a mediator, submit an offer to settle, or participate in a video mediation.

**Experienced:** Our trained mediators are neutral third parties who can help you reach a reasonable settlement.

## How to get started with Online Dispute Resolution:

### Visit our website

dcba.lacounty.gov

### Email us at

mediation@dcba.lacounty.gov

### Or call

(213) 974-0826

**EXHIBIT A - pg. 26**

 

**dcba.lacounty.gov**

# Resuelva su demanda por Internet antes de la fecha de su juicio

 

Use el servicio virtual de resolución de disputas (Online Dispute Resolution) del Departamento de Servicios Para Consumidores y Negocios del Condado de Los Ángeles. Nuestros servicios son gratuitos y pueden ayudarle a resolver su caso desde la comodidad de su hogar.

## Podemos ayudarle. Nuestro servicio es:

**Eficiente y Eficaz:** Con el servicio de resolución de disputas, usted está en control, no la corte. Usted decide si está satisfecho con el acuerdo logrado. Este método le puede ahorrar tiempo, dinero y evitarle la inconveniencia de ir a corte.

**Flexible:** Puede utilizar nuestro sistema virtual para seleccionar la fecha y el método más conveniente para usted. También podrá elegir la opción de comunicarse con su mediador por "chat", proponer su propio acuerdo, o participar en sesiones de mediación por videoconferencia.

**Profesional:** Nuestros mediadores están capacitados, son imparciales, y podrán ayudarle en llegar a un acuerdo razonable.

## Como iniciar una resolución con nuestro servicio:

### Visite Nuestra Sitio Web

dcba.lacounty.gov

### Envié un Correo Electrónico

mediation@dcba.lacounty.gov

### O Llame

(213) 974-0826

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

**EXHIBIT A - pg. 28**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXHIBIT A - pg. 29

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)
Date:

_____          ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)
Date:

_____          ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

LACIV 229 (new)                    **STIPULATION — EARLY ORGANIZATIONAL MEETING**                Page 2 of 2
LASC Approved 04/11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

**EXHIBIT A - pg. 31**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

8-28-2020                     000270210P0001                     6020200828030422

**EXHIBIT A - pg. 33**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

**EXHIBIT A - pg. 34**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

**The following parties stipulate:**

Date:

_____        ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____        ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____        ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date:  _____        _____
                                                JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11        **STIPULATION AND ORDER -- MOTIONS IN LIMINE**        Page 2 of 2

**EXHIBIT A - pg. 35**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:
   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

000270210P0001

6020200828030422

**EXHIBIT A - pg. 36**